ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| NITZA M. APONTE RAMOS, CORPORACIÓN DEL FONDO DEL SEGURO DEL ESTADO Recurrido<br><br>v.<br><br>HUMACAO MAINTENANCE & ROOFING SERVICE, INC., ASOCIACIÓN DE GARANTÍA DE SEGUROS MISCELÁNEOS DE PUERTO RICO, DEMANDADO DESCONOCIDO A Y OTROS Peticionario | KLCE202500001 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Humacao<br><br>Caso Núm. RG2023CV00423<br><br>Sobre: Subrogación de CFSE |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y la Juez Barresi Ramos

Rivera Marchand, Jueza Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 17 de enero de 2025.

Comparece ante esta Curia, Humacao Maintenance & Roofing Service Inc. (peticionario) mediante el recurso de epígrafe y solicita que revoquemos la *Resolución Interlocutoria* que el Tribunal de Primera Instancia, Sala Superior de Río Grande (TPI o foro primario), notificó el 4 de diciembre de 2024.[1] En el referido dictamen, el foro primario declaró no ha lugar el petitorio de desestimación del peticionario.

Por los fundamentos que expondremos a continuación, ordenamos la desestimación del recurso de epígrafe, por falta de jurisdicción.

**I.**

---

[1] Apéndice, págs. 73-74.

Número Identificador

RES2025_____

La señora Nitza Aponte Ramos y la Corporación del Fondo del Seguro del Estado (en conjunto recurridos) instaron una *Demanda de Subrogación* en contra del peticionario, de la Asociación de Garantía de Seguros Misceláneos de Puerto Rico (AGSM) y de otros demandados de nombres desconocidos.[2] Lo antes, con el propósito de recobrar de los codemandados los gastos en los cuales la Corporación del Fondo del Seguro del Estado incurrió en el tratamiento de la señora Nitza Aponte Ramos (señora Aponte Ramos). Surge de la demanda que, el referido tratamiento fue necesario para atender las lesiones respiratorias de la señora Aponte Ramos, luego de esta estar expuesta a respirar unos gases tóxicos que, utilizó el peticionario para el sellado de techo de CDI Head Start Chiquitines, en donde ella laboraba.

En reacción, el peticionario instó su alegación responsiva y en ella negó gran parte de las alegaciones en su contra. Además, aseguró haber realizado los trabajos de sellado de techo en horas no laborables.[3] Separadamente, instó un petitorio de desestimación[4] (intitulado *Moción En Cumplimiento De Orden Moción de Desestimación*), bajo el fundamento de que los recurridos no agotaron el trámite administrativo que decretó el foro de instancia mediante su *Orden de Liquidación,*[5] caso Civil Núm. SJ2019CV05526, *Comisionado de Seguros de Puerto Rico v. Integrand Assurance Company,* previo a instar la presente reclamación.

Por su parte, la señora Aponte Ramos se opuso a la solicitud de desestimación del peticionario y solicitó la continuación de los procedimientos. Allí expuso que, por cuanto ni ella ni el peticionario

---

[2] Pudimos constatar del Sistema Unificado de Manejo y Administración de Casos (SUMAC) del Poder Judicial que, el TPI desestimó sumariamente la causa de acción en cuanto a la AGSM, dictamen que un panel hermano de esta Curia confirmó mediante el Recurso Núm. KLAN202400507, cuyo mandato fue expedido el 15 de octubre de 2024.

[3] Apéndice, págs. 50-52.

[4] Apéndice, págs. 62-65.

[5] Apéndice, págs. 21-49.

presentaron el formulario de reclamación oportunamente ante el Comisionado de Seguros, ninguno puede invocar otra disposición del Código de Seguros para beneficio propio. Evaluado lo anterior, el TPI notificó la *Resolución Interlocutoria* impugnada mediante la cual se negó a desestimar la presente causa.

Inconforme, el 19 de diciembre de 2024, el peticionario instó una *Moción de Reconsideración* ante el foro primario.[6] Sin embargo, previo al TPI adjudicarla, el peticionario insta ante esta Curia el recurso de epígrafe.

Luego de examinar con detenimiento el expediente ante nuestra consideración, optamos por prescindir de los términos, escritos o procedimientos ulteriores "con el propósito de lograr su más justo y eficiente despacho". Regla 7(b)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7(b)(5).

## II.

### A.    La jurisdicción

La jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias. *Municipio de Aguada v. W. Construction, LLC y otro,* 2024 TSPR 69, resuelto el 21 de junio de 2024. Es por ello, que, la falta de jurisdicción de un tribunal incide directamente sobre el poder mismo para adjudicar una controversia. *Íd.*; *Allied Mgmt. Group v. Oriental Bank,* 204 DPR 374, 385 (2020).

Por consiguiente, el primer factor a considerar en toda situación jurídica que se presente ante un foro adjudicativo es el aspecto jurisdiccional. *R&B Power, Inc. v. Junta de Subastas de la Administración de Servicios Generales de Puerto Rico,* 2024 TSPR 24, resuelto el 13 de marzo de 2024. Ello, pues los tribunales tienen la responsabilidad indelegable de examinar, en primera instancia, su

---

[6] Entrada núm. 54 en SUMAC.

propia jurisdicción, así como la del foro de donde procede el recurso ante su consideración. *Municipio de Aguada v. W. Construction, LLC y otro,* supra.

En ese sentido, en reiteradas ocasiones el Tribunal Supremo ha expresado que, los tribunales tenemos el deber de proteger nuestra jurisdicción, sin poseer discreción para asumirla donde no la hay. *Pueblo v. Ríos Nieves,* 209 DPR 264, 273 (2022). A esos efectos, las cuestiones de jurisdicción son de índole privilegiada y deben ser resueltas con preferencia. *Íd.* A causa de ello, al cuestionarse la jurisdicción de un tribunal por alguna de las partes o, incluso, cuando no haya sido planteado por éstas, dicho foro examinará y evaluará, con rigurosidad, el asunto jurisdiccional como parte de su deber ministerial, pues este incide directamente sobre el poder mismo para adjudicar una controversia. *Municipio de Aguada v. W. Construction, LLC y otro,* supra.

Como se sabe, un recurso prematuro, al igual que uno tardío, priva de jurisdicción al tribunal al cual se recurre. *Pueblo v. Rivera Ortiz,* 209 DPR 402 (2022). Ello, pues su presentación carece de eficacia y no produce ningún efecto jurídico, ya que en ese momento todavía no ha nacido autoridad judicial o administrativa para acogerlo. *Torres Alvarado v. Madera Atiles,* 202 DPR 495, 503 (2019). De ese modo, si el tribunal no tiene jurisdicción, solo resta declararlo así y desestimar la reclamación sin entrar en los méritos de la controversia. *Municipio de Aguada v. W. Construction, LLC y otro,* supra. Es decir, procede la inmediata desestimación del recurso apelativo, según lo dispuesto en las leyes y los reglamentos para el perfeccionamiento de estos recursos. *Allied Mgmt. Group v. Oriental Bank,* supra.

A esos efectos, la Regla 83 (C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83(C), faculta al foro apelativo a actuar por iniciativa propia para desestimar un recurso apelativo

ante la ausencia de jurisdicción. La falta de jurisdicción es un defecto que no puede ser subsanado. *Íd.* Cabe señalar, sin embargo, que "la desestimación de un recurso por prematuro le permite a la parte que recurre volver a presentarlo, una vez el foro apelado resuelve lo que estaba ante su consideración". *PR Eco Park et al. v. Mun. de Yauco,* 202 DPR 525, 538 (nota 25) (2019), citando a *Yumac Home v. Empresas Massó,* 194 DPR 96, 107 (2015).

### B. La moción de reconsideración y su efecto interruptor

En términos generales, una moción de reconsideración permite que la parte afectada por un dictamen judicial pueda solicitar al tribunal que considere nuevamente su decisión, antes de apelar o de acudir en revisión judicial. De igual manera, el petitorio de reconsideración viabiliza que, un foro adjudicativo enmiende o corrija los errores cometidos al emitir su dictamen. *Div. Empleados Públicos UGT v. CEMPR,* 212 DPR 742, 748 (2023).

Cónsono con lo anterior, la Regla 47 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 47, lee:

> La parte adversamente afectada por una orden o resolución del Tribunal de Primera Instancia podrá presentar, dentro del término de cumplimiento estricto de quince (15) días desde la fecha de la notificación de la orden o resolución, una moción de reconsideración de la orden o resolución.
> [...]
> **Una vez presentada la moción de reconsideración quedarán interrumpidos los términos para recurrir en alzada para todas las partes. Estos términos comenzarán a correr nuevamente desde la fecha en que se archiva en autos copia de la notificación de la resolución resolviendo la moción de reconsideración.**
> [...] (Énfasis nuestro.)

### III.

En el presente recurso, el peticionario invoca nuestra jurisdicción con el fin de que revisemos el dictamen del foro primario mediante el cual se negó a desestimar la causa de epígrafe. No obstante, antes de ejercer nuestra función revisora, precisa que

auscultemos si esta Curia goza de jurisdicción para dilucidar el asunto ante nuestra consideración.

Cabe puntualizar que la Regla 47, *supra,* establece claramente que el término para acudir en revisión ante este Tribunal queda interrumpido con la presentación de un petitorio de reconsideración ante el foro primario. Incluso, la citada regla dispone que, el referido término no comienza nuevamente hasta tanto el foro primario notifique su dictamen resolviendo la moción de reconsideración.

Según expusimos en el tracto procesal, el 4 de diciembre de 2024, el foro primario notificó el dictamen mediante el cual se negó a desestimar la causa de epígrafe presentada en contra del peticionario. Inconforme, el 19 de diciembre de 2024, el peticionario instó una oportuna solicitud de reconsideración ante el TPI. Pendiente el referido petitorio ante el foro primario, el 2 de enero de 2025, el peticionario insta el recurso de *certiorari* de epígrafe. Cónsono con la normativa antes esbozada, el peticionario acudió prematuramente ante este Tribunal. En su consecuencia, carecemos de jurisdicción para ejercer la revisión apelativa instada.

**IV.**

Por los fundamentos esbozados, desestimamos el recurso de epígrafe por falta de jurisdicción. Se ordena el desglose del apéndice y autorizamos que se continúen los procesos de rigor sin necesidad de aguardar por la expedición del correspondiente mandato.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones